## JACOB MILLER *v.* JACOB MARTIN.

An appeal cannot legally be demanded by the party or granted by the justice after the first day of the court next after the rendition of the judgment.

A plaintiff may appeal from a judgment in his favor; but if the judgment has been rendered on the verdict of a jury, he must take the affidavit required by the act of *Nov.* 23. 1821, *Sec.* 8.

---

*Halsey,* for plaintiff, and *Ryerson,* for defendant.

The following is the state of the case as agreed on in this cause :

On the eighteenth day of May, in the year of our Lord eighteen hundred and twenty-five, the plaintiff below demanded an appeal from the judgment of the justice, Robert Thompson, rendered on the verdict of a jury in

favor of the plaintiff below, and tendered a bond executed according to law which the said justice accepted and granted the appeal; but no affidavit was filed, (at the time of demanding the appeal), " that the appeal was not taken for delay," &c., nor any other affidavit. The justice returned and filed the appeal bond and other papers necessary to perfect the appeal, on the first day of the last June term of the Warren court. The appeal, being called up in its turn, the appellee moved to dismiss the appeal because there was no affidavit filed, and the court after argument dismissed the appeal.

" The plaintiff below asked leave of the court to take the papers off the files, which was granted. The plaintiff below then tendered a bond according to law and the necessary affidavit in such case to the justice, and demanded an appeal on the second day of the said June term, which the said justice granted and the said appeal was on motion in behalf of the appellant in open court on the second day of the said June term, being the term next after rendering the judgment below, after argument of counsel on both sides, ordered to be filed. After the foregoing proceedings were had in the said June term and after the counsel for the appellant left the court and without any notice given to him, the counsel for the appellee moved for and obtained a rule on the justice to certify to the court on or before the first day of the next term, whether the plaintiff below had not tendered an appeal bond and demanded an appeal entered to the said June term and when and whether he did not grant said appeal. To which rule the said justice returned to the court at the present August term, 1825, the facts as before stated in relation to the first appeal. Upon the last mentioned appeal being called in its turn at the present term of the court, the counsel for the appellee moved to dismiss the same, because it was not demanded and filed until the second day of the term next after the

rendering of the judgment below, and because one appeal had been previously granted; and the court after argument dismissed the appeal.

" Upon the above state of facts, it is agreed between the above parties and their counsel, that the appellant may apply at the next term of the Supreme Court in September, without further notice, for a peremptory mandamus upon the Court of Common Pleas of Warren, to restore the said appeal; and that if the Supreme Court are of the opinion that the said appeal be restored, that it shall be restored by the agreement of the parties, and that the court do make any other orders in the case they shall judge proper.

This opinion of the court was delivered by

EWING, C. J. Judgment was rendered in the court for the trial of small causes, upon the verdict of a jury, in favor of Miller, the plaintiff, against Martin, the defendant, in that court. Miller delivered an appeal bond to the justice without any affidavit and demanded an appeal, which the justice granted, and on the first day of the next ensuing term of the Court of Common Pleas, of the county, sent a transcript with the bond to the clerk. On the application of Martin, that court dismissed the appeal, because such affidavit as is mentioned in the sixth section of the act of November 23d, 1821, was not filed with the justice.

On the second day of the same term, Miller delivered to the justice an appeal bond with such affidavit, and again demanded an appeal, which the justice granted. The transcript and other papers were sent to the clerk, filed on the same day and the appeal entered. In answer to a rule the justice certified to the Court of Common Pleas at the next term, August, 1825, the facts which had occurred before him respecting the first demand of appeal, and at the same term the last mentioned appeal was dismissed.

An application is now made to this court for a mandamus to restore the appeal.

The first question is, whether the second demand of appeal was made in season, for it is conceded that the bond and affidavit accompanying that demand, are in due form. By the 36th section of the act constituting courts for the trial of small causes, it is declared that either party may appeal to the Court of Common Pleas of the county, to be holden next after the rendering of such judgment, and by the 39th section, the justice is directed to send the transcript with the bond to the clerk on or before the first day of the court next ensuing such appeal, and by the 1st section of the act of the 17th November, 1820, an appeal from a judgment upon the verdict of a jury is to be made, within the same time, in the same manner and upon the same terms as in other cases where an appeal is granted. Hence it is manifest that an appeal cannot legally be demanded by the party or granted by the justice after the first day of the court next after the rendition of the judgment. To avoid misapprehension, it is observed that, the authority of the court to receive the transcript and enter the appeal after the first day of the term, when seasonably demanded, is not questioned. The 39th section is in that respect directory to the justice, by whose neglect or omission a party is not to be deprived of his appeal, *Pen. Rep.* 737. It is intended only to say, all that is needful for the present case, that the second demand of appeal was illegal because after the first day of the term, at too late a period.

In respect to the first demand of appeal it was contended at the bar, on the one side that no affidavit was necessary. If so, clearly a mandamus ought to issue, for the want of that affidavit alone induced the dismissal of the appeal. On the other side it was insisted here, that a plaintiff cannot appeal from a judgment in his favor; and both sides have sought to sustain themselves on the same ground. A plaintiff, it is said, cannot make an affidavit that he has a just and legal defence to make upon the merits of the case, [*act of Nov.* 23, 1821, *sec.* 8,] and hence on the one side it is

inferred that he cannot appeal, and on the other that he need make no affidavit. Neither of these positions is in my opinion correct. The 1st section of the act of 17th Nov. 1820, declares that from any judgment obtained before any justice of the peace in any of the courts for the trial of small causes upon the verdict of a jury, *either party* may appeal. These terms are sufficiently comprehensive to embrace an appeal by a plaintiff, and reason and policy require it, for by allowance of a claim of set off or otherwise, a plaintiff may be grossly aggrieved by the verdict of a jury and have abundant occasion to seek relief. The Legislature however, thought proper in a subsequent statute to impose a condition in restraint of frivolous and vexatious appeals, and have enacted that no appeal shall be granted to remove a judgment rendered upon the verdict of a jury, or on the report of referees, unless the party demanding the appeal shall at the time of filing the appeal bond with the justice also file with him an affidavit made by the said party, stating that the said appeal is not intended for the purpose of delay, and that he verily believes he has a just and legal defence to make upon the merits of the case. This provision is plain, express and unambiguous, and applies to all cases—" no appeal shall be granted," "unless the *party,*" not the *plaintiff* or *defendant.* But it is said, a plaintiff cannot swear he has a just and legal defence, for he has in no case a defence and the phrase is predictable of a defendant only. Perhaps this objection is somewhat nice and scrupulous. *Blackstone,* (3 *vol.* 296,) says, defence in its true legal sense signifies not a justification, protection or guard, which is now its popular signification, but merely an opposing or denial of the truth or validity of the complaint. May not a plaintiff have a just and legal opposing or denial of the truth and validity of the judgment, to make upon the merits of the case? May not a plaintiff have a just and legal protection or guard against the judgment which, though nominally in favor, is really against him? But without answering these questions,

it is enough·that the Legislature have required the affidavit —the words of the statute are clear—we are therefore to be governed by them. .When it is plainly enacted that no appeal shall be granted without the affidavit, we have no authority to say some appeals without it shall be allowed. Because the condition is an hard one, because even, let it be conceded, it amounts in effect to a prohibition of the appeal of a plaintiff if he cannot conscientiously make such a declaration, we are not at liberty to say the Legislature did not intend what they have clearly and unequivocally expressed, or that they could not impose such a condition, since they might have wholly denied the appeal. The principles on which we might act where a statute is ambiguous, or impugns a constitutional provision, have here no place.

Miller having omitted to file with the justice, as required by the act, an affidavit, was not therefore entitled to an appeal when first demanded. It should not have been granted, was rightfully dismissed, and the writ of mandamus now applied for, ought not to be allowed.